[No. 920. Decided December 27, 1893.]

S. P. AGEE, *Respondent*, v. LYSANDER SMITH *et al.*, *Appellants*.

ACTION UPON ACCOUNT — ERRONEOUS INSTRUCTIONS — WAGES — ISSUANCE OF ORDER IN PAYMENT — NOTICE OF NON-PAYMENT.

In an action to recover for personal services in which the complaint alleged a balance of $180 was found to be due plaintiff upon a statement of account, for which sum an order or warrant had been issued to him, while the answer averred that a less sum was due, and there was proof sufficient to go to the jury in support of the facts alleged in the answer, it was error for the court to charge the jury "that the amount has been fixed by these warrants, by the parties themselves, and there is no other question before you on the question of amount."

An order issued in payment of wages directing a third party to pay the wage earner $180, is by its terms payable in lawful money of the United States, and does not violate the provisions of Laws 1887-8, p. 234, forbidding the issuance in payment of wages of any order, check, etc., payable in whole or in part otherwise than in lawful money of the United States.

An instruction that defendants would be liable for the amount of such an order issued to plaintiff, if the same was not paid, is erroneous, for the reason that the requirements of presentation by the plaintiff and seasonable notice to defendants of non-payment were omitted from the instruction.

*Appeal from Superior Court, King County.*

*John G. Barnes*, for appellants.
*William Martin*, for respondent.

The opinion of the court was delivered by

HOYT, J.— This action was brought to recover upon three several causes of action, but as the questions arising on this appeal as to each of them are identical, it will be necessary to refer only to the first. Such cause of action was founded upon the claim of plaintiff that he had rendered personal services for the defendants, who were manu-

facturers of lumber, and that a balance of $180 was found
to be due to him upon a statement of the account. It was
further alleged that the defendants issued to the plaintiff,
for payment of said work and labor, a paper writing in
words and figures as follows, to wit:

"No. 1013.                    KENT, WASH., July 7, 1891.
*To Treasurer King County Fair Association:*
     Pay to S. P. Agee one hundred eighty dollars.    Order
Kent Mill Co., on acct.
     $180.00.                    A. T. VANDEVANTER, *President.*
B. S. VAN BOKKELEN, *Sec.*"

Defendants, by their answer, denied that upon the state-
ment of such account the amount claimed by the plaintiff
was found due, and averred that on such statement a much
less sum was found due.

A trial resulted in a judgment against the defendants
for the amount claimed, from which they have prosecuted
this appeal. It was claimed on the part of the respondent,
that the amount named in the order above set out was con-
clusive of the amount found to be due to him upon the ac-
count stated, and with this claim the trial court seems to
have agreed, as it instructed the jury as follows:

"The court instructs you that, under the pleadings in
this case, and under the undisputed facts — uncontradicted
facts in this case — the whole case turns upon the amounts
contained or mentioned in those respective warrants — that
there is no other question, as to the amount of wages or
what their accounts were; that these amounts, if there is
any liability in this case, in favor of the plaintiff and
against the defendants — that the amount has been fixed
by these warrants, by the parties themselves, and there is
no other question before you on the question of amount.
That part of it is settled, if there is any liability at all;
and that you are to determine from the instructions given
you."

The defendants excepted to this instruction, and we
think that such exception was well taken. There was proof

sufficient to go to the jury in support of the facts alleged in the answer of the defendants.

The court further instructed the jury that—

"If you find from a preponderance of the evidence in this case that these papers offered in evidence and designated as King County Fair and Agricultural Association warrants, which are signed by A. T. Vandevanter as president of the association, warrants upon the treasurer of that company, were issued and delivered by the defendants to the plaintiff and his assignors, Williams and Wilson, in payment for work and labor performed, and that demand for payment has been made upon the treasurer of the fair association for the payment of these warrants, and payment refused upon demand, then it will be your duty to find for the plaintiff for the respective amounts."

And also as follows:

"The court holds, and so instructs you, that the issuance of such paper as this in payment for wages, and which are not paid upon demand, would be in violation of law; and it matters not, if they were so issued, whether the defendants had notice of it or not. If they themselves delivered these warrants in payment for wages, it was in violation of law, unless they were paid upon demand. As the undisputed evidence is, they were not paid (these warrants), that would be in violation of law, and would not be a payment."

And in so doing committed error to the prejudice of appellants. Such instructions were clearly erroneous, unless the order above set out came within the prohibitions of the act of the legislature approved February 2, 1888 (Laws, p. 234); and from the fact of the giving of these instructions, as well as from the language of some of the others, it is evident that the trial court held that such order did come within the provisions of that act.

If such was the fact, the rulings of the court could perhaps be sustained; if not, the instructions above set out were clearly erroneous. It, therefore, becomes necessary

for us to determine as to whether or not the defendants, in delivering the order in question to the plaintiff (if they did deliver it, as to which there was a dispute in the testimony), violated the provisions of said act. By its terms it was made unlawful to issue, pay out or circulate for payment of wages, any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States. Does this order come within the terms of such statute? We are unable to find that it does. Even if it had been payable in something other than lawful money of the United States, it is questionable whether it would have come within the provisions of said act, since it was not the order, check or memorandum of the person making the payment. But we are not called upon to decide that question, for the reason that this order was, by its terms, payable in lawful money of the United States, as such must be held to be its legal effect, though the words "in lawful money of the United States" are not set out therein.

It follows that when the court instructed the jury that if defendants had issued said order to the plaintiff, they would be liable for the amount thereof if the same was not paid, it committed error, for the reason that if the giving of such order was not prohibited it would have been necessary for the plaintiff to have presented it for payment, and if not paid, to have seasonably notified the defendants of that fact. But this requirement of presentation and seasonable notice of non-payment was entirely omitted from the instruction.

The other instruction, by which the jury were told that the issue of the order by the defendants would be in violation of law if the same was not paid on demand, was equally erroneous in view of the fact that we construe the order not to be within the terms of the act of the legislature above referred to.

Some other questions were suggested by the brief of the appellants, but the material questions involved in the trial, so far, at least, as they are likely to be raised upon a retrial, are covered by what we have said.

The judgment must be reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.